IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC L. SMITH,

      Petitioner,

    v.

NEIL TURNER, WARDEN,
NORTH CENTRAL CORRECTIONAL
COMPLEX,

    Respondent.

CASE NO. 2:18-cv-739
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the undersigned **RECOMMENDS** that Petitioner's motion for a stay (ECF Nos. 6, 7) be **DENIED**, and that this action be **DISMISSED** without prejudice as unexhausted. Alternatively, Petitioner may withdraw his unexhausted habeas corpus claim nine by notifying the Court within fifteen (15) days of his intent to proceed solely on his remaining exhausted claims.

Petitioner's unopposed Motion for Leave to Amend the Habeas Corpus Petition (ECF No. 8) is **GRANTED.**

**Facts and Procedural History**

Petitioner challenges his convictions after a jury trial in the Delaware County Court of Common Pleas on charges of aggravated burglary, aggravated robbery, having weapons while under disability, and felonious assault, with specifications. On September 16, 2015, the trial

court imposed an aggregate term of forty years incarceration. The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} On January 3, 2015, and into the morning of January 4, 2015, two individuals broke into the home of David McCourt. They bound him with zip tie handcuffs and laid him down in front of his television. These two people took cash, five guns, and a Rolex watch. McCourt waited until he was sure that the people who broke into his home were gone. He then went to the Powell Police Department and could not find anyone there. McCourt is seen on the surveillance tape at the police department at around 5:00 a.m. (2T. at 234–235). He leaves and goes to a friend's house in Grove City, Ohio. He buys a new cell phone and calls the police. He delayed in calling the police because he was taking bets on a 12:30 p.m. game. (2T. at 228). The police respond to his home in Delaware County and begin an investigation. McCourt could not identify anyone who robbed him on that day.
>
> {¶ 3} McCourt testified that $33,000.00 and a Rolex watch were among the items taken from his home on January 3, 2015. McCourt further testified that one of the assailants had a revolver and the other a semi-automatic handgun with a long magazine or clip. McCourt described the offenders as one being taller and one shorter, that the assailants wore all black/dark clothing, hoods, masks and gloves, and stated the offenders from the second incident appeared to be the same as from the first (2T. at 188; 190; 3T. at 358; 361).
>
> {¶ 4} Dennis Waddell testified that in connection with the first incident on January 3, 2015, he provided Smith with the victim's address. Smith's cousin, Wayne Kelso, is seen on the surveillance tape on January 5, 2015, one day after the first incident, trying to pawn McCourt's Rolex watch. Waddell testified that it was Smith who drove him and Kelso to the pawnshop. (4T. at 562). Smith purchased a Dodge Charger for $6,145.00 in cash on January 26, 2015. (4T. at 586). Smith spends $12,000.00 over the course of two days after the first incident and leading up to the second incident. McCourt testified that the money taken from his house was in $100.00 bills. (3T. at 373). $1,000.00 in $100.00 bills was recovered from Smith's car. (4T. at 580).
>
> {¶ 5} Smith was pulled over for a traffic violation on March 16, 2015. The officer observed flex ties formed as handcuffs, gloves, and a ski mask in Smith's car. (2T. at 257; 263).
>
> {¶ 6} On March 27, 2015, two individuals again break into Mr. McCourt's home in Delaware County, Ohio. This time McCourt is pistol-whipped in his front yard. McCourt attempted to shoot his attackers but the gun jammed. McCourt runs to his neighbor's home and calls 9–1–1.
>
> {¶ 7} Smith, Tammy Wright and Dennis Waddell are all caught together moments after the second incident, within a mile of the McCourt's home with black ski

masks, a Glock handgun with an extended magazine, and zip ties formed as handcuffs in a vehicle fitting the description McCourt gave to officers. (3T. at 362; 390; 412–420; 433–437; 456458). Waddell testified that Smith showed him a black revolver on the way to the McCourt's home on March 27, 2015. (4T. at 515).

{¶ 8} Tammy Wright testified she picked up both Waddell and Smith and drove them to McCourt's neighborhood on March 27, 2015. (3T. at 409–415). Wright was driving a green Jeep Cherokee. She observed Smith and Waddell get out of a Dodge Charger. Both Waddell and Smith were dressed in black from head to toe. (3T. at 415).

{¶ 9} Smith and Waddell each called Wright to pick them up after the incident. (3T. at 418–419). Smith and Waddell were not at the same location when she picked them up. (3T. at 419–420). A .40 caliber Glock with a long magazine was recovered from Wright's Jeep Cherokee. (3T. at 442; 452). Waddell admitted that he had a Glock handgun with an extend magazine. (4T. at 514).

{¶ 10} McCourt gave a description of guns used in the first and second robbery. That description is similar to the gun that witnesses testified Smith had on him and similar to the gun found in the vehicle after the second incident. (2T. at 195–196; 3T. at 358–359; 1T. at 514–515).

{¶ 11} Following deliberation, the jury found Smith guilty of all charges and specifications in the indictment.

{¶ 12} The trial court sentenced Smith on count one to eight years in addition to the three-year firearm specification. As to count two, Smith was sentenced to five years in addition to the three-year gun specification. As to count three, Smith was sentenced to a term of three years in prison to be served concurrently with count one. As to count five, Smith was sentenced to a term of twelve months in prison. This is to be served concurrently with count one. As to count six, Smith was sentenced to a term of nine years to be served consecutive to counts one and two as well as an additional three-year gun specification. As to count seven, Smith was sentenced to a term of six years to be served consecutively to counts one, two, and six. He was also sentenced on a firearm specification.

Assignments of Error

{¶ 13} Smith raises nine assignments of error,

{¶ 14} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED HIS REQUEST FOR A CONTINUANCE.

{¶ 15} "II. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO A FAIR TRIAL UNDER THE FIFTH AND SIXTH AMENDMENTS TO THE FEDERAL CONSTITUTION MADE APPLICABLE TO THE STATE OF OHIO

BY THE FOURTEENTH AMENDMENT WHEN IT DENIED HIS REQUEST FOR A CONTINUANCE.

{¶ 16} "III. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S RIGHT TO A FAIR TRIAL UNDER THE FIFTH AMENDMENT TO THE FEDERAL CONSTITUTION MADE APPLICABLE TO THE STATE OF OHIO BY THE FOURTEENTH AMENDMENT WHEN IT LIMITED CROSS–EXAMINATION REGARDING GAMBLING OF THE PROSECUTING WITNESS.

{¶ 17} "IV. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED TESTIMONY REGARDING BAD ACTS EVIDENCE AGAINST THE APPELLANT.

{¶ 18} "V. THE TRIAL COURT DENIED APPELLANT HIS RIGHT TO DUE PROCESS GUARANTEED BY THE FIFTH AMENDMENT MADE APPLICABLE TO THE STATE OF OHIO BY THE FOURTEENTH AMENDMENT WHEN IT ALLOWED OTHER ACTS EVIDENCE TO BE PRESENTED.

{¶ 19} "VI. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE FEDERAL CONSTITUTION MADE APPLICABLE TO THE STATE OF OHIO BY THE FOURTEENTH AMENDMENT.

{¶ 20} "VII. THE STATE FAILED TO PROVIDE SUFFICIENT EVIDENCE TO CONVICT THE APPELLANT IN VIOLATION OF THE FOURTEENTH AMENDMENT AND IN DIRECT VIOLATION OF THE HOLDING OF JACKSON V. VIRGINIA.

{¶ 21} "VIII. THE CONVICTIONS IN THIS MATTER WERE NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 22} "XI. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES AS THE COURT FAILED TO ENGAGE IN THE REQUISITE THREE PART ANALYSIS REQUIRED TO SENTENCE A DEFENDANT TO CONSECUTIVE SENTENCES BY FAILING TO FIND THAT ANY OF THE THREE FACTORS LISTED IN 2929.14(C)(4)(a)–(c) APPLIED."

*State v. Smith*, 76 N.E.3d 551, 558-60 (Ohio App. 5th Dist. 2016). On October 28, 2016, the appellate court affirmed the judgment of the trial court. *Id.* On July 26, 2017, the Ohio Supreme

Court declined to accept jurisdiction of the appeal. *State v. Smith*, 150 Ohio St.3d 1408 (Ohio 2017).

On February 28, 2017, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). (ECF No. 11, PAGEID # 276.) On March 21, 2017, the appellate court denied the Rule 26(B) application for failure to show good cause for the untimely filing. (PAGEID # 316.) On June 5, 2017, the appellate court denied Petitioner's motion for reconsideration. (PAGEID # 342.) On June 15, 2017, Petitioner filed a Motion Invoking Appellate Court To Revisit Its Jurisdiction By Inherent Power And Vacate And Void Its Previous Judgment Affirming The Trial Courts Purported Judgment And Its Entry For Good And Sufficient Cause Shown and an Affidavit in support, arguing that the appellate court lacked jurisdiction over the appeal because the trial court failed to issue an appropriate final order. (PAGEID # 343, 372.) On July 28, 2017, the appellate court denied the motion for lack of jurisdiction. (PAGEID # 400.)

Meanwhile, on August 15, 2016, Petitioner filed a Notice of Pro Se Filings and Self Representation as a Matter of Right in the state trial court, invoking his right of self representation in regard to the filing of a motion to correct his sentence and for a de novo sentencing hearing pursuant to Ohio Criminal Rule 32(C). (PAGEID # 402, 404.) Petitioner again argued that the trial court had failed to issue a valid judgment entry of sentence. On August 17, 2016, the trial court denied the motion. (PAGEID # 413.) Petitioner apparently did not file an appeal.

On March 21, 2017, through counsel, Petitioner filed a petition to vacate or set aside judgment of conviction and sentence in the state trial court pursuant to Ohio Rev. Code § 2953.21, asserting that he had been denied the effective assistance of counsel based on his

5

attorney's failure to secure a bill of particulars prior to the start of trial, failure to file a notice of alibi or present alibi evidence, failure to file a motion to suppress evidence or hire a medical expert to refute claims of serious physical harm, and that he was denied a fair trial based on the prosecutor's failure to disclose evidence and misconduct during trial. (PAGEID # 414-433.) On April 27, 2017, the trial court denied the petition for post-conviction relief . (PAGEID # 515.) On November 28, 2017, the appellate court dismissed the appeal for want of prosecution pursuant to Ohio Appellate Rule 18(C), because Petitioner failed to file an appellate brief. (ECF No. 11-1, PAGEID # 583.) Petitioner did not file a timely appeal. On March 7, 2018, he filed a notice of appeal and motion for a delayed appeal. (PAGEID # 775, 777.) The Ohio Supreme Court granted the motion for a delayed appeal. (PAGEID # 785.) However, on August 15, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac.R. 7.08(B)(4). (PAGEID # 797.)

On September 8, 2017, Petitioner filed a pro se motion to correct sentence, arguing that the trial court had failed to issue a valid judgment entry of sentence that would qualify as a final appealable order (PAGEID # 584), and a motion to correct sentence pursuant to Ohio Criminal Rule 36. (PAGEID # 612.) On September 11, 2017, the trial court denied both of those motions. (PAGEID # 630, 633.)

On December 15, 2017, Petitioner filed a motion for leave to file a motion for a new trial. (PAGEID # 636.) On February 5, 2018, the trial court denied the motion as untimely. (PAGEID # 679.) On that same date, Petitioner filed a motion to supplement his motion for leave to file a motion for a new trial. (PAGEID # 683.) The trial court considered the motion as a motion for reconsideration, and on February 6, 2018, also denied that motion. (PAGEID # 701.) Petitioner filed a timely appeal, asserting that the trial court had denied his right to counsel by failing to

6

provide him with an attorney to represent him at the evidentiary hearing on his motion for leave to file a motion for new trial and that the trial court had abused its discretion and denied him due process by denying his motion. (PAGEID # 712.) Apparently, that action remains pending. (*See Return of Writ*, ECF No. 12, PAGEID # 1782.)

On October 2, 2018, Petitioner filed a Motion to Vacate Void Judgment with Affidavit in Support. (PAGEID # 798.) On October 29, 2018, the trial court denied the motion. (PAGEID # 819.) On December 5, 2018, the trial court denied Petitioner's motion for reconsideration. (PAGEID # 837.) Petitioner filed a Notice of Appeal. (PAGEID # 850.) On December 17, 2018, the appellate court dismissed the appeal as untimely. (PAGEID # 852, 862.) On November 30, 2018, Petitioner filed a Motion for the Trial Court to Take Judicial Notice as Adjudicative Facts Not Subject to Dispute Pursuant to Evidence Rule 201 in Conjunction with Civil Rule 44.1 with Trial Transcripts and DNA Report. (PAGEID # 838.) On December 5, 2018, the trial court denied the motion. (PAGEID # 849.) On January 9, 2019, the appellate court dismissed the appeal as untimely. (PAGEID # 862.)

On July 31, 2018, Petitioner filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He asserts that the trial court unconstitutionally denied his request for a continuance of trial (claim one); that he was denied a fair trial due to the admission of other acts evidence (claim two); that the evidence is constitutionally insufficient to sustain his convictions (claim three); that he was denied a fair trial because the trial court improperly limited the scope of his cross-examination regarding gambling of the prosecution witness (claim four); that he was denied the effective assistance of counsel because his attorney failed to pursue a motion to suppress evidence (claim five); and that he was denied a fair trial based on prosecutorial misconduct (claim six). Petitioner has amended the Petition to additionally assert

7

that he was denied a fair trial based on judicial misconduct and bias (claim seven); his convictions violate the Double Jeopardy Clause (claim eight); and that he was denied due process because the trial court denied his motion for leave to file a motion for a new trial (claim nine).

It is the position of the Respondent that Petitioner's claims are procedurally defaulted or otherwise without merit.

**Motion for a Stay**

Petitioner seeks a stay of proceedings pending resolution of the appeal on the trial court's denial of his motion for a new trial and exhaustion of habeas corpus claim nine. Petitioner also indicates that he has an appeal currently pending on the trial court's denial of his motion to vacate void judgment, relating to habeas corpus claims three, seven, and eight. (PAGEID # 34.) Respondent has not filed a response to Petitioner's motions. However, it does not appear from the record before this Court that any state court actions currently remain pending regarding Petitioner's claims, with the exception of his appeal on the delayed motion for a new trial, and in regard to his allegations in habeas corpus claim nine, in which he asserts that the trial court's denial of his motion for leave to file a motion for a new trial denied him due process. Plainly, however, the record does not reflect that a stay of proceedings would be warranted pending resolution of that action in the Ohio Court of Appeals.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must first exhaust his claims in the state courts before presenting them in federal court. 28 U.S.C. § 2254(b); *see Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). If a habeas petitioner has the right under state law to raise a claim by any available procedure, the claim is not exhausted. 28 U.S.C. § 2254(b), (c). Additionally, a constitutional claim for relief must be presented to the

8

state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A habeas petitioner bears the burden of demonstrating that exhaustion of the available state court remedies with respect to the claims presented for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

A district court has the discretion to stay a "mixed petition," containing both exhausted and unexhausted claims, to permit a petitioner to present his unexhausted claim to the state courts, and then to return to federal court for review. *Rhines v. Weber*, 544 U.S. 269 (2005). Nonetheless, stays under these circumstances should be granted sparingly. *Id*. at 277 (recognizing that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and that it "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition"). Stated differently, the Court held that "stay and abeyance should be available only in limited circumstances," and is appropriate only if there is good cause for the Petitioner's failure to exhaust his claims first in state court. *Id*. at 277. Finally, even if good cause exists, a stay is inappropriate where the unexhausted grounds are plainly meritless. *Id*. Thus, an abuse of discretion in denying a stay and dismissing the petition may be found only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*.

The record does not reflect that Petitioner can meet this standard here. After a hearing, the trial court denied Petitioner's December 2017 motion for leave to file a motion for a new trial as untimely because Petitioner had failed to establish that he was unavoidably prevented from

discovering the new evidence during the 120-day period following the jury's July 31, 2015 guilty verdicts, as required under Ohio Criminal Rule 33(B). (ECF No. 11-1, PAGEID # 679.)

> [The defendant] explained his new-trial claim and presented the testimony of Nitoriya Goff. . . .
>
> [T]he defendant focuses on his "surprise" during his trial about "the explicitness of victim David McCourt's injuries." He argues that since his trial, he "has been relentlessly trying to obtain the funds to hire a medical expert" to challenge the evidence that the prosecution presented to the jury at trial. He now has those funds and has found that expert, he contends, and he seeks an opportunity to present that new expert's testimony at a retrial.
>
> I fail to see how the evidence that the defendant wishes to offer can properly be described as new. Even if the defendant at his trial was surprised by the testimony about his victim's injuries, the trial was his opportunity to challenge that evidence. He could have asked for a recess during the trial and could have requested public funds so that he could hire an expert then to challenge the prosecution's evidence. He failed to do so. And certainly he had a full opportunity at the trial to cross-examine the victim and other witnesses about the extent of the victim's injuries.
>
> Evidence is not "new" simply because the defendant chose not to present it during his trial. . . .
>
> This is not a case in which the defendant alleges that he has now discovered some potentially exculpatory evidence that the prosecution withheld from him during his trial. Instead, he simply claims that he would like a new chance to rebut with some additional evidence of his own the evidence that he and the jury heard during the trial. Yet, with reasonable diligence before or during his trial, he could have discovered and could have presented the evidence that he now labels as "new." That kind of evidence cannot rightly be described as evidence that he was "unavoidably prevented" from discovering before now.
>
> And even if he were able to convince me that he was unavoidably prevented from discovering the new medical evidence that he now hopes to offer about the victim's injuries, I find that he has waited an unreasonably long time to present his request to me. The so-called "unsigned Draft Confidential Work Product --- Expert Witness Report" that he offered as Exhibit 1 at the January 22, 2018 evidentiary hearing before me on his new-trial request is dated June 28, 2017. With that document in hand, the defendant waited another 5 ½ months – until December 15, 2017 – to file his motion under Criminal Rule 33. That delay in raising his new-trial request is not reasonable.
>
> \*\*\*

> [T]he defendant has not presented clear and convincing proof that he was unavoidably prevented from discovering the kind of new evidence that might warrant the filing of a new-trial motion 2 ½ years after his trial. His request for leave to pursue his untimely Criminal Rule 33(B) motion based on newly discovered evidence is denied.

(ECF No. 11-1, PAGEID # 681-82.)

Moreover, Petitioner asserts in habeas corpus claim nine that the trial court improperly failed to provide him with an opportunity to present the testimony of a medical expert, in view of its denial of his claim of ineffective assistance of counsel as barred under Ohio's doctrine of *res judicata*. (Doc. 8, PAGEID # 45.) However, this claim does not provide a basis for federal habeas corpus relief. "Challenges to the discretion of state courts do not show, without more, a 'violation of the Constitution or the laws or treaties of the United States,' as required by 28 U.S.C. § 2254(a)." *Gray v. Hudson*, No. 1:06CV1308, 2008 WL 1995362, at *20 (N.D. Ohio May 5, 2008) (citing *Sinistaj v. Burt*, 66 F.3d 804, 805 (6th Cir. 1995)). A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id*. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).

Thus, the record does not indicate that Petitioner has any potentially meritorious unexhausted claim, as that term is defined under *Rhines*, or that he can establish good cause for his untimely motion for a new trial.

For the foregoing reasons, Petitioner's unopposed motion to amend the Petition (ECF No. 8) is **GRANTED**. In addition, it is **RECOMMENDED** that Petitioner's motions for a stay (ECF Nos. 6, 7) be **DENIED** and that this action be **DISMISSED** without prejudice as unexhausted. Alternatively, Petitioner may withdraw the unexhausted habeas corpus claim nine by notifying the Court within fifteen (15) days of his intent to proceed solely on his remaining exhausted claims.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*_____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE